UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee,*

v.

DALE BLANKENSHIP,

     *Defendant-Appellant.*

No. 01-4498

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-01-10)

Submitted: December 10, 2001

Decided: January 24, 2002

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

R. Clarke VanDervort, Charleston, West Virginia, for Appellant.
Charles T. Miller, United States Attorney, John C. Parr, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dale Blankenship pled guilty to distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) (1994) pursuant to a plea agreement. Blankenship appeals the sentence he received, alleging the amount of drugs was incorrectly calculated. We affirm.

Blankenship contends he should be only held responsible for the actual amount of oxycodone contained in each capsule he sold. He contends the weight of the filler in the capsules should not be counted in calculating the amount of drugs involved in his offense. We review the proper method of calculating drug weight as a legal question subject to de novo review. *United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989).

Base offense levels for drug offenses are determined from the Drug Quantity Table following USSG § 2D1.1. In a footnote to the Drug Quantity Table, the Guidelines provide that "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." USSG § 2D1.1. We have held that this gross weight methodology applies to pharmaceuticals. *United States v. Meitinger*, 901 F.2d 27, 29 (4th Cir. 1990); *United States v. Bayerle*, 898 F.2d 28, 31-32 (4th Cir. 1990). Blankenship nevertheless contends he should be held responsible only for the active weight of the controlled substance. This argument was addressed and foreclosed, however, in *United States v. Bayerle*, 898 F.2d at 31-32. We see no reason to depart from this well established rule.

Accordingly, we affirm Blankenship's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*